FILED

12 DEC -7  AM 11: 22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SUELLENTROP, et al.,<br><br>                          Plaintiffs,<br>     vs.<br><br>COUNTRYWIDE BANK FSB, et al.,<br><br>                          Defendants. | CASE NO. 11-CV-2274 BEN (BGS)<br><br>**ORDER GRANTING MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>[Docket No. 14] |

Presently before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss the First Amended Complaint.  (Docket No. 14.)  For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiffs Jeffrey and Amanda Suellentrop are residents of the County of San Diego.  (FAC ¶ 12.)  Plaintiffs own residential property located at 17329 Eagle Canyon Way, San Diego, CA, 92127 ("Property").  (*Id.* ¶ 18.)  On January 25, 2008, Plaintiffs obtained two loans from Countrywide Bank FSB, totaling $748,999.[1]  (*Id.* ¶ 19, Exhs. A & D.)  On December 9, 2009, Plaintiffs modified the loans.  (*Id.* ¶ 20.)  Plaintiffs allege that "the modifications were really 'forbearance agreements' disguised as modification agreements with higher monthly payments on loans that were already

---

[1] Although Plaintiffs state that the loans were obtained on April 10, 2007 and totaled $790,000 (FAC ¶ 19), the attached Notes to their complaint indicate that the loans were obtained on January 25, 2008 and totaled $748,999.

- 1 -

unaffordable." (*Id.*) One month later, Bank of America, successor in interest to Countrywide Bank FSB, sent a three-month trial plan with payments of $4,327 to Plaintiffs. (*Id.* ¶ 21.) Plaintiffs allege that "[t]his amount was higher than the amount as agreed in the loan modification for the first loan and therefore of no benefit or relief for the Plaintiffs." (*Id.*)

Subsequently, the value of Plaintiffs' property dropped significantly. (*Id.* ¶ 22.) After conducting research, Plaintiffs "discovered that their loans had numerous violations of the Federal Truth in Lending Act ('TILA') and Federal Reserve Regulation Z, and determined that many of the disclosures did not comply with California and Federal law." (*Id.* ¶¶ 22-23.)

On September 30, 2011, Plaintiffs filed the instant action. The original Complaint asserted eight claims: (1) intentional misrepresentation against Countrywide Bank; (2) breach of the covenant of good faith and fair dealing against all defendants; (3) declaratory relief against all defendants; (4) quiet title against all defendants; (5) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, against all defendants; (6) violations of the California Business and Professions Code § 17200 *et seq.* against all defendants; (7) fraud against all defendants; and (8) accounting against all defendants. Defendant filed a motion to dismiss the original complaint. (Docket No. 3.) On May 7, 2012, the Court dismissed the first, second, third, fourth, sixth, seventh, and eighth claims without prejudice, and dismissed the fifth claim with prejudice. (Docket No. 12.)

On June 6, 2012, Plaintiffs filed a First Amended Complaint. The First Amended Complaint asserted six claims: (1) intentional misrepresentation against Countrywide Bank; (2) breach of the covenant of good faith and fair dealing against all defendants; (3) declaratory relief against all defendants; (4) violations of California Business and Professions Code § 17200 *et seq.* against all defendants; (5) fraud against all defendants; and (6) accounting against all defendants. (Docket No. 13.) Presently before the Court is a Motion to Dismiss the First Amended Complaint by Defendant Bank of America, N.A., as successor in interest to Countrywide Bank FSB and as erroneously sued as CHL Mortgage Pass-Through Trust 2008-1 Countrywide Home Loans, a.k.a. Bank of America. Being fully briefed, the Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

11cv2274

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

Defendant seeks to dismiss all of Plaintiffs' claims. Plaintiffs do not oppose Defendant's motion to dismiss the second and sixth claims. Accordingly, the second and sixth claims are **DISMISSED**. Plaintiffs oppose Defendant's motion to dismiss the first, third, fourth, and fifth claims. Each of these claims will be addressed in turn.

### I.   FIRST CLAIM: INTENTIONAL MISREPRESENTATION AND FIFTH CLAIM: FRAUD

In the first claim for intentional misrepresentation, Plaintiffs allege that Defendant "defrauded Plaintiffs by concealing or suppressing . . . material facts from Plaintiffs." (FAC ¶ 27.) Specifically, Plaintiffs allege that Defendant understated the amount financed, under disclosed the finance charges, failed to assess Plaintiffs' ability to repay the loan, put the Plaintiffs into a loan that was reasonably foreseeable to default, and were only interested in obtaining fees and were not concerned with the long-term viability of the loan. (*Id.*) Plaintiffs allege that "Plaintiff is not a real estate or finance expert and as such he was unable to discover the misrepresentations without the assistance of an expert to guide him through the documents." (*Id.* ¶ 28.) According to Plaintiffs, "Defendants knew that there were misrepresented terms in the loan documents but continue[d] to actively conceal these misrepresentations by confusing the issue with vague, ambiguous and/or misleading descriptions of the technical terms contained in the loan documents." (*Id.*)

In the fifth claim for fraud, Plaintiffs allege that "the representations made to Plaintiffs to induce Plaintiffs to enter the loan were false and were made with the intent to harm Plaintiffs and profit from the misrepresentation." (*Id.* ¶ 54.) Plaintiffs allege that "Plaintiff is not a real estate or finance expert and as such he was unable to discover the misrepresentations without the assistance of

1    an expert to guide him through the documents." (*Id.* ¶ 61.) According to Plaintiffs, "Defendants knew

2    that there were misrepresented terms in the loan documents but continue[d] to actively conceal these

3    misrepresentations by confusing the issue with vague, ambiguous and/or misleading descriptions of

4    the technical terms contained in the loan documents." (*Id.*)

5           Defendant argues that Plaintiffs' claims are barred by the applicable statute of limitations.  As

6    this issue is dispositive, the parties' remaining arguments will not be addressed.

7           "An action for relief on the ground of fraud or mistake" must be brought within three years

8    after the aggrieved party discovers the fraud.  CAL. CODE CIV. PROC. 338(d); *Winn v. McCulloch*

9    *Corp.*, 60 Cal. App. 3d 663, 672 (2d Dist. 1976).  Because a plaintiff has a duty to exercise diligence

10   so as to discover facts constituting fraud, a fraud claim accrues "when the plaintiff has notice or

11   information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain

12   knowledge from sources open to his investigation." *Lee v. Escrow Consultants, Inc.*, 210 Cal. App.

13   3d 915, 920 (2d Dist. 1989).  "[T]he plaintiff must *plead and prove the facts* showing: (a) Lack of

14   knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the

15   facts could not have been discovered at an earlier date). (c) How and when he did actually discover

16   the fraud or mistake." *Id.*

17          Plaintiffs' allegations that Defendant understated the amount financed, under disclosed the

18   finance charges, failed to assess Plaintiffs' ability to repay the loan, put the Plaintiffs into a loan that

19   was reasonably foreseeable to default, were only interested in obtaining fees and were not concerned

20   with the long-term viability of the loan, and made false representations to Plaintiffs to induce them to

21   enter into the loan, all appear to relate to the origination of the loans.  The loans were entered into in

22   January 2008, and Plaintiffs did not file the present action until September 2011.  In addition, Plaintiffs

23   have not alleged any facts demonstrating that they could not have discovered the alleged fraud at an

24   earlier time through sources open to their investigation.  Consequently, the first and fifth claims are

25   barred by the applicable statute of limitations.  The first and fifth claims are **DISMISSED**.

26   **II.    FOURTH CLAIM: VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §**

27   **17200**

28          In the fourth claim, Plaintiffs allege that Defendant engaged in "unlawful, unfair and fraudulent

business practices." (FAC ¶¶ 48-49.)  Specifically, Plaintiffs contend that Defendant understated the

1   amount financed, under disclosed the finance charges, failed to assess Plaintiffs' ability to repay the

2   loan, put the Plaintiffs into a loan that was reasonably foreseeable to default, and were only interested

3   in getting fees and were not concerned with the long-term viability of the loan. (*See id.* ¶ 48.)

4   Defendant argues that Plaintiffs fail to allege facts demonstrating any proscribed business acts or

5   practices. As this issue is dispositive, the parties' remaining arguments will not be addressed.

6           The Unfair Competition Law ("UCL") prohibits "unfair competition," meaning "any unlawful,

7   unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

8   CAL. BUS. & PROF. CODE § 17200. First, "[b]y proscribing 'any unlawful' business practice, section

9   17200 borrows violations of other laws and treats them as unlawful practices that the unfair

10  competition law makes independently actionable." *Cel-Tech Commc'ns Inc. v. L.A. Cellular Tel. Co.*,

11  20 Cal. 4th 163, 180 (1999) (internal quotation marks omitted). Second, "unfair" conduct must be

12  violative of a public policy "tethered to specific constitutional, statutory, or regulatory provisions."

13  *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (4th Dist. 2003) (internal quotation marks

14  omitted). Third, "a fraudulent business practice is one that is likely to deceive members of the public."

15  *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1255 (2d Dist. 2009). A UCL claim

16  must be dismissed if the plaintiff has not stated a claim for the predicate acts upon which he bases the

17  claim. *See Gaitan v. Mortg. Elec. Registration Sys.*, No. EDCV 09-1009, 2009 WL 3244729, at *11

18  (C.D. Cal. Oct. 5, 2009).

19          In the present action, Plaintiffs have not alleged additional facts in their fourth claim that are

20  not stated in their previous claims. As explained above, Plaintiffs' claims for intentional

21  misrepresentation and fraud are time-barred. Accordingly, Plaintiffs cannot state a UCL claim based

22  on these allegations. In addition, Plaintiffs have not alleged any additional facts establishing "unfair"

23  conduct tethered to any specific constitutional, statutory, or regulatory provision, or any conduct likely

24  to deceive members of the public. Accordingly, Plaintiffs' fourth claim is **DISMISSED.**

25      **III.   THIRD CLAIM: DECLARATORY RELIEF**

26          In the third claim, Plaintiffs "request a judicial determination of the parties' rights and duties

27  as is necessary and appropriate at this time under the circumstances, and a declaration as to whether

28  Defendants violated federal and state lending laws, whether Plaintiffs are required to tender proceeds

to the Defendants, whether Plaintiffs are obligated under the Deed of Trust and, if so, to whom."

1  (FAC ¶ 45.)

2  Declaratory relief is proper only where there exists an "actual controversy relating to the legal

3  rights and duties of the respective parties." CAL. CODE CIV. PROC. § 1060.  Here, Plaintiffs seek this

4  declaratory relief based on the allegations of wrongdoing contained in Plaintiffs' other claims.  (FAC

5  ¶ 43.)  Because Plaintiffs' other claims are being dismissed, the claim for declaratory relief fails as a

6  matter of law. *See The Ratcliff Architects v. Vanir Constr. Mgmt., Inc.*, 88 Cal. App. 4th 595, 607 (1st

7  Dist. 2001).  Accordingly, the third claim is **DISMISSED.**

8  **CONCLUSION**

9  For the foregoing reasons, the Motion to Dismiss the First Amended Complaint is **GRANTED.**

10  Because Plaintiffs have been previously granted leave to amend, and the First Amended Complaint

11  was largely identical to the original Complaint, the Court declines to grant leave to amend the First

12  Amended Complaint.  Accordingly, all claims are **DISMISSED WITH PREJUDICE.**

13  **IT IS SO ORDERED.**

14

15  DATED: December 7, 2012

16  HON. ROGER T. BENITEZ
   United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

11cv2274